# ORIGINAL

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed on October 5, 2016

**FILED**

OCT 5 2016
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| CITY OF FRESNO, a charter city and municipal corporation; ARVIN-EDISON WATER STORAGE DISTRICT, a California water storage district; CHOWCHILLA WATER DISTRICT, a California water district; DELANO-EARLIMART IRRIGATION DISTRICT, a California irrigation district; EXETER IRRIGATION DISTRICT, a California irrigation district; IVANHOE IRRIGATION DISTRICT, a California irrigation district; LINDMORE IRRIGATION DISTRICT, a California irrigation district; LINDSAY-STRATHMORE IRRIGATION DISTRICT, a California irrigation district; LOWER TULE RIVER IRRIGATION DISTRICT, a California irrigation district; ORANGE COVE IRRIGATION DISTRICT, a California irrigation district; PORTERVILLE IRRIGATION DISTRICT, a California irrigation district; SAUCELITO IRRIGATION DISTRICT, a California irrigation district; SHAFTER-WASCO IRRIGATION DISTRICT, a California irrigation district; SOUTHERN SAN JOAQUIN MUNICIPAL UTILITY DISTRICT, a California municipal utility district; STONE CORRAL IRRIGATION DISTRICT, a California irrigation district; TEA POT DOME WATER DISTRICT, a California water district; TERRA BELLA IRRIGATION DISTRICT, a California irrigation district; TULARE IRRIGATION DISTRICT, | 16-1276 L

Case No. _____

Hon. _____ |

a California irrigation district,                    )
                                                      )
                              Plaintiffs,             )
                                                      )
          v.                                          )
                                                      )
UNITED STATES OF AMERICA,                            )
                                                      )
                              Defendant.              )
_____            )

**COMPLAINT FOR TAKING OF WATER RIGHTS WITHOUT JUST COMPENSATION**

In water year 2014 the United States of America appropriated all of the water of the Friant Division of the Central Valley Project of California in order to satisfy what it determined to be a contractual requirement to provide substitute water to a group of water users referred to as the Exchange Contractors. The United States has failed to pay Plaintiffs just compensation for this appropriation, even though Plaintiffs and the landowners and water users they represent owned the beneficial interest in the use of that water and water rights, which have long been recognized as property rights protected by the Fifth Amendment. As a result of this appropriation, in 2014 Plaintiffs and their landowners and water users suffered huge losses of annual and permanent crops, loss of groundwater reserves, water shortages and rationing, and incurred millions of dollars to purchase emergency water supplies.

**Parties**

1.      The City of Fresno is a California Charter City,[1] originally incorporated in 1885. The City's population is approximately 520,000, making it the fifth largest city in California. Fresno is located near the geographic center of California, having a total area of approximately 112 square miles. The City is authorized and does provide retail water service to businesses and residents within and adjacent to the City.[2] The City provides water service to approximately 225,000 retail customers. In accordance with its permanent water supply contract with the United States, the City receives and delivers water from the Friant Division of the Central Valley Project located on the San Joaquin River in Central California. An essential component of the City's water supply, this Friant Division Central Valley Project water supply, obtained by and through the United States pursuant to a permanent water supply contract, is delivered through City owned facilities and beneficially used within and around Fresno. The City relies on the Friant Division Central Valley Project water supply as a source of water for groundwater recharge and subsequent extraction for beneficial uses by its customers and as a direct source of supply used by its customers, delivered through the City's surface water treatment plant. As an agency of the State of California established by and representing all of the water users within its boundaries, the City brings this action

---

[1] Cal. Const. art. XI, § 3(a).
[2] Cal. Const., art. XIII, § 9; Gov't Code § 38730 et. seq.; Pub. Util. Code § 10001 et. seq.; Fresno Charter § 200.

on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the City.

2.      Plaintiff Arvin-Edison Water Storage District is a California water storage district formed in 1942.[3] Arvin-Edison is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 111,510 acres of highly productive agricultural land in Kern County, California. In accordance with its permanent water supply contract with the United States, Arvin-Edison receives and delivers water from the Friant Division of the Central Valley Project through its facilities to approximately 110 farms that grow over 60 crops, including vineyards, citrus, almonds, carrots, potatoes, pistachios, cherries, and onions. This farmland is made productive by irrigation water diverted from the San Joaquin River by facilities of the Friant Division of the Central Valley Project, delivered through the facilities of Arvin-Edison in accordance with its permanent water supply contract with the United States. As a water agency formed under California law established by and representing all of the landowners and water users within its boundaries, Arvin-Edison brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and

_____

[3] California Water Storage District Law, Cal. Water Code §§ 39000–48401.

entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Arvin-Edison.

3.    Plaintiff Chowchilla Water District is a California water district formed in 1949.[3] Chowchilla is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 75,000 acres of high-value agricultural land in Merced County and Madera County, California. In accordance with its permanent water supply contract with the United States, Chowchilla receives and delivers water from the Friant Division of the Central Valley Project through its facilities to approximately 300 farms that grow over 40 crops, including alfalfa, almonds, pistachios, wheat, corn, grapes, prunes, cherries, apples, sudangrass, tomatoes, and oats. This farmland is made productive by irrigation water diverted from the San Joaquin River by facilities of the Friant Division of the Central Valley Project, delivered through the facilities of Chowchilla in accordance with its permanent water supply contract with the United States. As a water agency formed under California law established by and representing all of the landowners and water users within its boundaries, Chowchilla brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Chowchilla.

4.    Plaintiff Delano-Earlimart Irrigation District is a California irrigation

district formed in 1938.[4] Delano-Earlimart is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 56,500 acres of high-value agricultural land in Tulare and Kern Counties, California. In accordance with its permanent water supply contract with the United States, Delano-Earlimart receives and delivers water from the Friant Division of the Central Valley Project through its facilities to approximately 400 farms that grow 33 different crops, including grapes, pistachios, almonds, and various tree fruit. This farmland is made productive by irrigation water diverted from the San Joaquin River by facilities of the Friant division of the Central Valley Project, delivered through the facilities of Delano-Earlimart in accordance with its permanent water supply contract with the United States. As a water agency formed under California law established by and representing all of the landowners and water users within its boundaries, Delano-Earlimart brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Delano-Earlimart.

5.     Plaintiff Exeter Irrigation District is a California irrigation district formed in 1937.[5] Exeter is authorized to construct, operate and maintain irrigation,

---

[4] California Irrigation District Law, Cal. Water Code §§ 20500–29978.
[5] California Irrigation District Law, Cal. Water Code §§ 20500–29978.

distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 12,557 acres of high-value agricultural land in Tulare County, California. In accordance with its permanent water supply contract with the United States, Exeter receives and delivers water from the Friant Division of the Central Valley Project through its facilities to approximately 371 farms that grow over 23 crops, including various citrus and other tree fruits and nuts. This farmland is made productive by irrigation water diverted from the San Joaquin River by facilities of the Friant Division of the Central Valley Project, delivered through the facilities of Exeter in accordance with its permanent water supply contract with the United States. As a water agency formed under California law established by and representing all of the landowners and water users within its boundaries, Exeter brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Exeter.

6.      Plaintiff Ivanhoe Irrigation District is a California irrigation district formed in 1948.[6] Ivanhoe is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for

_____

[6] California Irrigation District Law, Cal. Water Code §§ 20500–29978.

irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 10,908 acres of high-value agricultural land in Tulare County, California. In accordance with its permanent water supply contract with the United States, Ivanhoe receives and delivers water from the Friant Division of the Central Valley Project through its facilities to approximately 275 farms that grow over 10 crops, including citrus and other fresh fruit crops. This farmland is made productive by irrigation water diverted from the San Joaquin River by facilities of the Friant Division of the Central Valley Project, delivered through the facilities of Ivanhoe in accordance with its permanent water supply contract with the United States. As a water agency formed under California law established by and representing all of the landowners and water users within its boundaries, Ivanhoe brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Ivanhoe.

7.     Plaintiff Lindmore Irrigation District is a California irrigation district formed in 1937.[7] Lindmore is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 27,000 acres of high-value

---

[7] California Irrigation District Law, Cal. Water Code §§ 20500–29978.

agricultural land in Tulare County, California. In accordance with its water delivery contract with the United States, Lindmore receives and delivers water through its facilities to approximately 500 farms that grow a variety of permanent crops including citrus, nuts, grapes and berries, as well as supplying water to dairies and dairy feed crops. This farmland is made productive by irrigation water from the Friant Division of the Central Valley Project, delivered through the facilities of Lindmore in accordance with its water delivery contract with the United States. As an agency of the State of California established by and representing all of the water users within its boundaries, Lindmore brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Lindmore.

8.      Plaintiff Lindsay-Strathmore Irrigation District is a California irrigation district formed in 1915.[8] Lindsay-Strathmore is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 14,400 acres of high-value agricultural land in Tulare County, California. In accordance with its water delivery contract with the United States, Lindsay-Strathmore receives and delivers water through its facilities to approximately 420 farms that grow a variety

_____

[8] California Irrigation District Law, Cal. Water Code §§ 20500–29978.

of permanent crops including citrus, olives, walnuts, cherries and grapes. This farmland is made productive by irrigation water from the Friant Division of the Central Valley Project, delivered through the facilities of Lindsay-Strathmore in accordance with its water delivery contract with the United States. As an agency of the State of California established by and representing all water users within its boundaries, Lindsay-Strathmore brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Lindsay-Strathmore.

9.      Plaintiff Lower Tule River Irrigation District is a California irrigation district formed in 1950.[9] Lower Tule is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 102,000 acres of high-value agricultural land in Tulare County, California. In accordance with its permanent water supply contract with the United States, Lower Tule receives and delivers water from the Friant Division of the Central Valley Project through its facilities to approximately 437 farms that grow over 20 crops, including silage, wheat, alfalfa, almonds, and pistachios. This farmland is made productive by irrigation water diverted from the San Joaquin River by facilities of the Friant Division of the

---

[9] California Irrigation District Law, Cal. Water Code §§ 20500–29978.

Central Valley Project, delivered through the facilities of Lower Tule in accordance with its permanent water supply contract with the United States. As a water agency formed under California law established by and representing all of the landowners and water users within its boundaries, Lower Tule brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive specific water from the Friant Division of the Central Valley Project for beneficial use within Lower Tule.

        10.    Plaintiff Orange Cove Irrigation District is a California irrigation district formed in 1937.[10] Orange Cove is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 26,000 acres of highly productive agricultural land in Fresno and Tulare Counties, California. In accordance with its permanent water supply contract with the United States, Orange Cove receives and delivers water from the Friant Division of the Central Valley Project through its facilities to approximately 365 farms that grow crops including oranges/tangerines, prunes/plums, grapes, lemons/limes, and olives. This farmland is made productive by irrigation water diverted from the San Joaquin River by facilities of the Friant Division of the Central Valley Project delivered through facilities of Orange Cove in accordance with its permanent water supply contract with the United States. As a

---

[10] California Irrigation District Law, Cal. Water Code §§ 20500–29978.

water agency formed under California law established by and representing all of the landowners and water users within its boundaries, Orange Cove brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Orange Cove.

11.     Plaintiff Porterville Irrigation District is a California irrigation district formed in 1949.[11] Porterville is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 13,553 acres of highly productive agricultural land in Tulare County, California. In accordance with its permanent water supply contract with the United States, Porterville receives and delivers water from the Friant Division of the Central Valley Project through its facilities to approximately 60 farms that grow over 27 crops, including alfalfa, almonds, walnuts, citrus, table grapes, and plum/prunes. This farmland is made productive by irrigation water diverted from the San Joaquin River by facilities of the Friant Division of the Central Valley Project, delivered through the facilities of Porterville in accordance with its permanent water supply contract with the United States. As a water agency formed under California law established by and representing all of the landowners and water users within its boundaries, Porterville brings this action on

---

[11]  California Irrigation District Law, Cal. Water Code §§ 20500–29978.

its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Porterville.

12.     Plaintiff Saucelito Irrigation District is a California irrigation district formed in 1941.[12] Saucelito is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 19,400 acres of high-value agricultural land in Tulare County, California. In accordance with its water delivery contract with the United States, Saucelito receives and delivers water through its facilities to approximately 97 farms that grow almonds, grapes, kiwis, olives, oranges, pistachios, prunes, walnuts, cherries, nectarines, quince, tangerines, alfalfa, cotton, corn, wheat and milo. This farmland is made productive by irrigation water from the Friant Division of the Central Valley Project, delivered through the facilities of Saucelito in accordance with its water delivery contract with the United States. As an agency of the State of California established by and representing all water users within its boundaries, Saucelito brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Saucelito.

_____

[12] California Irrigation District Law, Cal. Water Code §§ 20500–29978.

13.     Plaintiff Shafter-Wasco Irrigation District is a California irrigation district formed in 1937.[13] Shafter-Wasco is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 30,720 acres of highly productive agricultural land in Kern County, California. In accordance with its permanent water supply contract with the United States, Shafter-Wasco receives and delivers water from the Friant Division of the Central Valley Project through its facilities to approximately 315 farms that grow crops including almonds, alfalfa hay, nursery stock, pistachios, and cotton. This farmland is made productive by irrigation water diverted from the San Joaquin River by facilities of the Friant Division of the Central Valley Project, delivered through the facilities of Shafter-Wasco in accordance with its permanent water supply contract with the United States. As a water agency formed under California law established by and representing all of the landowners and water users within its boundaries, Shafter-Wasco brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Shafter-Wasco.

14.     Plaintiff Southern San Joaquin Municipal Utility District is a

---

[13] California Irrigation District Law, Cal. Water Code §§ 20500–29978.

California municipal utility district formed in 1935.[14] Southern San Joaquin is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 49,316 acres of highly productive agricultural land in Kern County, California. In accordance with its permanent water supply contract with the United States, Southern San Joaquin receives and delivers water from the Friant Division of the Central Valley Project through its facilities to approximately 280 farms that grow crops including almonds, alfalfa, blueberries, cherries, cotton, a large variety of grapes, kiwi, multiple varieties of citrus, pecans, pistachios, walnuts, wheat safflower and a mix of different vegetables. This farmland is made productive by irrigation water diverted from the San Joaquin River by facilities of the Friant Division of the Central Valley Project, delivered through the facilities of Southern San Joaquin in accordance with its permanent water supply contract with the United States. As a water agency formed under California law established by and representing all of the landowners and water users within its boundaries, Southern San Joaquin brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Southern San Joaquin.

---

[14] California Municipal Utility District Act, Cal. Public Utils. Code § 11501–14403.

15.     Plaintiff Stone Corral Irrigation District is a California irrigation district formed in 1948.[15] Stone Corral is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 6,600 acres of high-value agricultural land in Tulare County, California. In accordance with its permanent water supply contract with the United States, Stone Corral receives and delivers water from the Friant Division of the Central Valley Project through its facilities to approximately 60 farms that grow over 15 crops, including various citrus, nuts and tree fruit crops. This farmland is made productive by irrigation water diverted from the San Joaquin River by facilities of the Friant Division of the Central Valley Project, delivered through the facilities of Stone Corral in accordance with its permanent water supply contract with the United States. As a water agency formed under California law established by and representing all of the landowners and water users within its boundaries, Stone Corral brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Stone Corral.

16.     Plaintiff Tea Pot Dome Water District is a California water district formed in 1954.[16] Tea Pot is authorized to construct, operate and maintain

---

[15] California Irrigation District Law, Cal. Water Code §§ 20500–29978.
[16] California Water District Law, Cal. Water Code §§ 34000–38501.

irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 3,500 acres of high-value agricultural land in Tulare County, California. In accordance with its permanent water supply contract with the United States, Tea Pot receives and delivers water from the Friant Division of the Central Valley Project through its facilities to approximately 97 farms that grow over 6 crops, including various citrus varieties, olives, almonds and pistachios. This farmland is made productive by irrigation water diverted from the San Joaquin River by facilities of the Friant Division of the Central Valley Project, delivered through the facilities of Tea Pot in accordance with its permanent water supply contract with the United States. As a water agency formed under California law established by and representing all of the landowners and water users within its boundaries, Tea Pot brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Tea Pot.

17.    Plaintiff Terra Bella Irrigation District is a California irrigation district formed in 1915.[17] Terra Bella is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its

---

[17] California Irrigation District Law, Cal. Water Code §§ 20500–29978.

landowners and water users on approximately 14,000 acres of high-value agricultural land in Tulare County, California. In accordance with its water delivery contract with the United States, Terra Bella receives and delivers water through its facilities to approximately 372 farms that grow oranges, tangerines, grapefruit, lemons, limes, pistachios, walnuts, olives, kiwis, grapes, pomegranates, cherries, corn, persimmons, quince, pecans, barley, oats, prunes and plums. This farmland is made productive by irrigation water from the Friant Division of the Central Valley Project, delivered through the facilities of Terra Bella in accordance with its water delivery contract with the United States. As an agency of the State of California established by and representing all water users within its boundaries, Terra Bella brings this action on its own behalf and as representative of all its landowners and water users who are the beneficial owners of the water right, and entitled to receive water from the Friant Division of the Central Valley Project for beneficial use within Terra Bella.

18.     Plaintiff Tulare Irrigation District is a California irrigation district formed in 1889.[18] Tulare is authorized to construct, operate and maintain irrigation, distribution and other facilities and equipment necessary to deliver water for irrigation, groundwater replenishment and other beneficial uses to its landowners and water users on approximately 65,000 acres of highly productive agricultural land in Tulare County, California. In accordance with its permanent water supply

_____

[18] California Irrigation District Law, Cal. Water Code §§ 20500–29978.

18

contract with the United States, Tulare receives and delivers water from the Friant

Division of the Central Valley Project through its facilities to approximately 240

farms that grow corn, alfalfa, cotton, wheat, walnuts, a rapidly growing quantity of

almond and pistachio acreage, and numerous other crops. This farmland is made

productive by irrigation water diverted from the San Joaquin River by facilities of

the Friant Division of the Central Valley Project, delivered through the facilities of

Tulare in accordance with its permanent water supply contract with the United

States. As a water agency formed under California law established by and

representing all of the landowners and water users within its boundaries, Tulare

brings this action on its own behalf and as representative of all its landowners and

water users who are the beneficial owners of the water right, and entitled to receive

water from the Friant Division of the Central Valley Project for beneficial use

within Tulare.

19. The City and each of the other Plaintiff water agencies is authorized

by California law, and has the capacity under Rule 17 of this Court, to bring this

suit on behalf of its landowners and water users within its boundaries who in 2014

had the right to receive and beneficially use water from the Friant Division of the

Central Valley Project, a compensable property right under the Fifth Amendment to

the United States Constitution. Under California law, a water storage district,

irrigation district, or a California water district "may commence and maintain any

actions and proceedings to carry out its purposes or protect its interests and may

defend in any action or proceeding brought against it."[19] Similarly, under California law, a municipal utility district "may sue and be sued, except as otherwise provided in this division or by law, in all actions and proceedings in all courts and tribunals of competent jurisdiction."[20] Each of the Plaintiffs has authorized the bringing of this suit.

20.     Each of the Plaintiffs is an agency of the State of California established to provide water to its landowners and water users. The City is authorized to undertake all those activities reasonably necessary to provide a reliable, secure water supply to its residents, businesses and customers.[21] Under California law, an irrigation district and California water district may "commence, maintain, intervene in, compromise, and assume the costs of any action or proceeding involving or affecting the ownership or use of waters or water rights within the district used or useful for any purpose of the district of or of benefit to any land."[22] Such districts have the power to "commence, maintain, intervene in, defend, and compromise actions and proceedings to prevent interference with or diminution of the natural flow of any stream or natural or artificially created subterranean supply of waters which may: (a) be used or be useful for any purpose of the district. (b) be of common benefit to the land or its inhabitants. (c) endanger

---

[19] Cal. Water Code § 43700; Cal. Water Code § 22650; Cal. Water Code § 35407.
[20] Cal. Public Utils. Code § 12702.
[21] Cal. Const., art. XI11, § 9; Gov't Code § 38730 et. seq.; Pub. Util. Code § 10001 et. seq.; Fresno Charter § 200.
[22] Cal. Water Code §§ 22654, 35408.

the inhabitants or the land."[23]

21.     The joinder of all the landowners and water users of Fresno and the Plaintiff water agencies is impracticable due to the size of the class, which number in the thousands, and the disposition of their claims in this action rather than in individual actions will foster judicial economy. The pursuit of separate actions is also unlikely due to the small amount of many of the claims of the individual landowners and water users. Each claim in this action has a common basis with every other claim in this action, namely the taking of appurtenant water and water rights by the United States' impoundment, diversion, and delivery of Plaintiffs' water from the San Joaquin River to others without just compensation.

22.     Defendant United States of America is a republic formed under the Constitution of the United States, and exercises the powers described therein subject to certain limitations, including the Fifth Amendment to the United States Constitution.

**Jurisdiction**

23.     This Court has jurisdiction over these claims under 28 U.S.C. § 1491 (the Tucker Act) as a "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of any executive department or upon any express or implied contract with the United States."[24]

---

[23] Cal. Water Code §§ 22655, 35409.
[24] 28 U.S.C. § 1491.

**Statement of Facts**

24.     In accordance with the Reclamation Act,[25] in 1935 Congress authorized construction and operation of the Friant Division of the Central Valley Project to provide for municipal, industrial and other beneficial uses to Fresno, and to supply irrigation, groundwater replenishment, and other beneficial uses on approximately 837,000 acres of highly productive farmland in Madera, Merced, Fresno, Tulare and Kern Counties in the San Joaquin Valley of California. The United States, acting through its Department of Interior Bureau of Reclamation, owns and operates the facilities of the Friant Division of the Central Valley Project, which includes Friant Dam and Millerton Lake, and two canals – the Madera and Friant-Kern Canal which were constructed to divert, convey and deliver the waters of the San Joaquin River to Plaintiffs for beneficial uses within their boundaries in Madera, Merced, Fresno, Tulare and Kern Counties in the San Joaquin Valley of California.

25.     To provide water for Plaintiffs, the United States acquired water and water rights of the San Joaquin River, including the rights of water users downstream of Friant Dam, in order to impound that water in Millerton Lake for delivery to Plaintiffs' water users, who are the beneficial owners of the water right, and for their beneficial use. The United States acquired the water and water rights of the San Joaquin River for the benefit of Plaintiffs, their landowners and water

---

[25] Pub. L. 57-161, 32 Stat. 388 (June 17, 1902).

users, who make beneficial use of the water, and "not for the use of the government, but, under the Reclamation Act, for the use of the landowners, and by the terms of the law and the contract already referred to, the water rights became the property of the landowners, wholly distinct from the property right of the government in the irrigation works. The government was, and remained, simply a carrier and distributor of the water, with the right to receive the sums stipulated in the contracts as reimbursement for the cost of construction and annual charges for operation and maintenance of the works."[26]

26.    Each municipal, industrial and agricultural water user within Fresno and Plaintiff water agencies holds a property right in the beneficial use of the water and water rights of the San Joaquin River which the United States acquired for the benefit of the landowners and water users within the Friant Division of the Central Valley Project. The United States holds legal title to such water and water rights for the benefit of Plaintiffs, their landowners and water users. The United States does not have the discretion or the right to use or reallocate that water as it might see fit.

27.    But in water year 2014 the United States appropriated all of the water of the Friant Division of the Central Valley Project in order to satisfy what it determined to be a contractual requirement to provide this water as substitute water under a 1939 Contract for Exchange of Waters, Contract No. Ilr-1144, as amended,

---

[26] *Ickes v. Fox*, 300 U.S. 82, 95 (1937) (internal citations omitted); *see also Nevada v. United States*, 463 U.S. 110, 123-25 (1983); *California v. United States*, 438 U.S. 645, 677 (1978); *Nebraska v. Wyoming*, 325 U.S. 589, 614 (1945).

to a group of water users referred to as the Exchange Contractors, and refused to deliver this water to Plaintiffs for delivery to their landowners and water users who are the beneficial owners of the water right, despite Plaintiffs' demands.

28.     As a result of the United States' appropriation of their vitally needed San Joaquin River water in 2014, Plaintiffs, their landowners and water users who are the beneficial owners of the water right, suffered huge losses of annual and permanent crops, loss of groundwater reserves, water shortages and rationing, and incurred millions of dollars to purchase emergency water supplies. Many of these injuries are permanent and irreparable.

## FIRST CAUSE OF ACTION
### (Taking of Water and Water Rights Without Just Compensation)

29.     The water and water rights of the Friant Division appropriated by the United States in 2014 were the property of Plaintiffs' landowners and water users who are the beneficial owners of the water right. Under the Fifth Amendment of the United States Constitution, these property rights may not be taken for public use without payment of just compensation.

30.     But the United States has refused to pay to Plaintiffs and their landowners and water users just compensation for the taking of their Friant Division water and water rights in 2014, in violation of the Fifth Amendment to the United States Constitution which provides, in part: "[N]or shall private property be taken for public use, without just compensation."[27]

---

[27] U.S. Const. amend. V.

31.     As a direct and proximate result of the United States' failure to pay just compensation for the water and water rights of the Friant Division it appropriated in 2014, Plaintiffs and their landowners and water users, who are the beneficial owners of the water right, have been damaged in an amount equal to the fair market value of the property appropriated, including compound interest from the date of taking, in an amount that will be proved at trial.

32.     As an additional direct and proximate result of the taking of their water and water rights of the Friant Division without just compensation, Plaintiffs have been required to retain the services of counsel to prosecute this action, incurring attorney's fees, expert witness fees, and costs and expenses of litigation which Plaintiffs will seek against the United States in accordance with the provisions of the Uniform Relocation Act.[28]

## PRAYER FOR RELIEF

Plaintiffs, their landowners and water users, who are the beneficial owners of the water right, therefore request relief as follows:

1.     A money judgment equal to the fair market value of their water and water rights taken in 2014, estimated to be in excess of $350,000,000, plus compound interest from the date of the taking;

2.     Reasonable attorneys' fees for bringing and prosecuting this action;

3.     The expenses of appraisers and other experts reasonably required to

---

[28] 42 U.S.C. §§ 4601–4655.

prosecute this action;

    4.     Costs of suit;

    5.     Any other or further relief as the Court may deem just.

Dated: October 5, 2016               Respectfully submitted,

                                  s/ Nancie G. Marzulla
                                Nancie G. Marzulla
                                Roger J. Marzulla
                                MARZULLA LAW, LLC
                                1150 Connecticut Avenue, NW
                                Suite 1050
                                Washington, DC 20036
                                (202) 822-6760 (telephone)
                                (202) 822-6774 (facsimile)
                                nancie@marzulla.com
                                roger@marzulla.com

                                Counsel for Plaintiffs

Of Counsel

Craig A. Parton
Timothy E. Metzinger
PRICE, POSTEL & PARMA LLP
200 East Carrillo Street, Suite 400
Santa Barbara, CA 93101
(805) 962-0011 (telephone)
(805) 965-3978 (facsimile)
cap@ppplaw.com
tem@ppplaw.com